UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carl S. Williams, | Case No. 22-cv-2369 (MJD/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| City of Minneapolis, Minnesota MPD, BP Gastation, Facebook, FOX, ABC, Startribune, and St. Cloud MCF,[1] | |
| Defendants. | |

Carl S. Williams, Hennepin County Public Safety Facility, 401 South 4th Ave., Suite 100, Minneapolis, MN 55415-1394, *pro se*.

This matter comes before the Court on Plaintiff Carl S. Williams's (1) Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 [ECF No. 1 ("Complaint")] and (2) Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2 ("IFP Application")].  For the following reasons, the Court recommends dismissing this action and denying the IFP Application as moot.

### I. BACKGROUND

The Court received the Complaint and IFP Application on September 26, 2022.  [*See* Docket.]  Williams is presently detained at the Hennepin County Public Safety Facility, awaiting trial in two matters.

---

[1] The caption on the actual complaint is blank, but these named Defendants are consistent with the defendant list in the document at ECF No. 1-2 at 1.

- In *State v. Williams*, No. 27-CR-21-10633 (Minn. Dist. Ct.) ("*Williams I*"), authorities charged Williams in June 2021 with one count of first-degree burglary, in violation of Minn. Stat. § 609.582, subd. 1(a). [*See* Register of Actions, *State v. Williams*, No. 27-CR-21-10633 (Minn. Dist. Ct.) ("*Williams I* Docket").]

- In *State v. Williams*, No. 27-CR-22-965 (Minn. Dist. Ct.) ("*Williams II*"), authorities charged Williams in January 2022 with one count each of (1) first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342, subd. 1(b); (2) kidnapping to facilitate the commission of a felony or flight thereafter, in violation of Minn. Stat. § 609.25, subd. 1(2); and (3) first-degree aggravated robbery, in violation of Minn. Stat. § 609.245, subd. 1. [*See* Register of Actions, *State v. Williams*, No. 27-CR-22-965 (Minn. Dist. Ct.) ("*Williams II* Docket").[2]]

Williams has pleaded not guilty in both actions, and *Williams II* is scheduled for trial in February 2023.[3] [*See id.*]

Williams prepared the Complaint on a form template, but the first page's caption provides no Defendant list. [*See* Compl. 1.] A document submitted with the Complaint lists seven Defendants in its caption: "Minnesota MPD," "BP Gastation," "Facebook," "Fox," "ABC," "Star Tribune," and "St. Cloud MCF." [*See* ECF No. 1-2 at 1.] The Court construes Williams as meaning to sue, respectively, the City of Minneapolis; BP p.l.c.; Meta Platforms, Inc. (formerly known as Facebook, Inc.); Fox Television Stations, LLC; KSTP-TV, LLC; The Minneapolis Star Tribune; and the State of Minnesota.[4]

---

[2] The *Williams I* and *II* dockets are not attached to any filings in this action. As public state-court records, however, this Court may take judicial notice of them. *See, e.g.*, *Graham v. Catamaran Health Sols. LLC*, 940 F.3d 401, 405 n.1 (8th Cir. 2017) (citing cases); *Jones v. Ellison*, No. 22-CV-2144 (WMW/JFD), 2022 WL 18215879, at *1 (D. Minn. Dec. 8, 2022) (same), *report and recommendation adopted*, 2023 WL 146269 (D. Minn. Jan. 10, 2023).

[3] There is a *Williams I* hearing scheduled for the same time as when the *Williams II* trial should begin [*see Williams I* Docket; *Williams II* Docket], and both matters share a state-court judge, but the Court is unclear as to the plan for the *Williams I* hearing.

[4] With respect to the "Minnesota MPD," the Complaint's allegations point to an officer with the City of Minneapolis's police department. [*See* Compl. 5.] Police departments are not legal entities subject to suit, *see, e.g.*, *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992), so the Court assumes that Williams means here to sue the City of Minneapolis itself. As for "St. Cloud MCF," particular correctional facilities also are not legal entities subject to suit,

The Complaint asserts that Williams has been "framed," apparently on the basis of "unreliable informants" and "old prejudice[d] cops." [Compl. 6.] As the Court understands the Complaint, Williams claims that on or about January 14, 2022, someone inappropriately coerced a witness at a BP gas station in Minneapolis into providing false information to authorities. [*See id.*] He also claims that he has been "held against [his] will" at the "Hennepin County Jail" since January 2022.[5] [*Id.*]

Williams then lists a number of purported causes of action: medical malpractice, perjury, malicious arrest, malicious persecution, and false imprisonment. [*See id.*] (Another part of the Complaint cites "discrimination" and intentional infliction of emotional distress." [*Id.* at 7.]) Williams appears to seek $6 million in damages. [*See id.*] He also seems to ask the Court to force the state court to dismiss the charges against him in *Williams I* and/or *II*. [*See id.* at 3.]

---

*see, e.g.*, *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (citing *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam)), so because the State of Minnesota is ultimately responsible for its correctional facilities, the Court assumes that Williams means to sue the State of Minnesota. For the private-entity Defendants, the Court may misunderstand exactly whom Williams seeks to sue. As discussed below, however, any issues here are irrelevant: the Court recommends dismissing any claims against those entities, for reasons that do not hinge on those entities' precise identity.

[5] Alongside the Complaint, Williams submitted about 13 pages of documents. [*See* ECF No. 1-1.] He has also submitted other materials presumably meant as exhibits supporting his claims. [*See* ECF Nos. 6-1, 6-2, 11, 11-1.] The Court suspects that Williams wants the Court to review these materials and determine potential allegations and/or causes of action for his action. Respectfully, the Court will not do so. It is a litigant's job—not the Court's—to construct a complaint and place relevant allegations into that document. *See, e.g.*, *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/LIB), 2021 WL 7542396, at *2 n.3 (D. Minn. Nov. 8, 2021) (citing cases), *report and recommendation adopted*, 2022 WL 336832 (D. Minn. Feb. 4, 2022), *aff'd*, No. 22-1652, 2022 WL 4455209 (8th Cir. June 1, 2022).

## II. ANALYSIS

### A. Standards of Review

Rather than pay this action's filing fee, Williams submitted the IFP Application, which indicates that Williams is financially eligible to proceed *in forma pauperis* ("IFP"). But a court will deny an IFP application, and dismiss an action, when an IFP applicant has filed a complaint that "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).[6]

A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also, e.g.*, *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (making same point (quoting *Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994)). This District's courts have regularly held that when a complaint fails to allege what a defendant did that causes liability, the pleading lacks an arguable basis in fact— making it frivolous—for that defendant. *See, e.g.*, *Stanton v. Gomey Allenberg & O'Reilly, PC*, No. 22-CV-1706 (PJS/JFD), 2022 WL 3108027, at *2 (D. Minn. Aug. 4, 2022) (citing cases); *Crabtree v. Roseau Cnty. Sheriff Off.*, No. 22-CV-0093 (WMW/HB), 2022 WL 1523691, at *2 (D. Minn. Mar. 17, 2022) (same), *report and recommendation adopted*, 2022 WL 1522571 (D. Minn. May 13, 2022).

---

[6] While § 1915(e)(2)(B)'s wording refers to "the case," this District's courts routinely dismiss parts of cases on § 1915(e)(2)(B) grounds. *See, e.g.*, *Shortymacknifisent v. Hunter*, No. 22-CV-0766 (DSD/BRT), 2022 WL 17546559, at *3 n.6 (D. Minn. Nov. 18, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 17485553 (D. Minn. Dec. 7, 2022); *Jones v. Minnesota*, No. 20-CV-1409 (DWF/ECW), 2020 WL 7049335, at *5 (D. Minn. Oct. 23, 2020) (same), *report and recommendation adopted*, 2020 WL 7047683 (D. Minn. Dec. 1, 2020).

As for failure to state a claim, when a court assesses whether a complaint states a claim, the court must accept the complaint's factual allegations as true and draw all reasonable plaintiff-favoring inferences. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). A complaint's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A district court's assessment of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). Courts are to construe pro se complaints liberally, but such pleadings still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In addition to its § 1915 responsibilities, a federal district court must ensure its own jurisdiction. *See, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Under Federal Rule of Civil Procedure 12(h), "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is a plaintiff's burden to "allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited

5

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" (citing cases, including *McNutt*)).[7]

### B. Claims Against the City of Minneapolis

The Court will start by addressing Williams's claims against the City of Minneapolis. Williams purports to bring this action under 42 U.S.C. § 1983 [*see* Compl. 1], so a key question is the capacity in which he brings his claims. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25–27 (1991) (discussing differences between individual-capacity claims and official-capacity claims under § 1983); *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) ("For many reasons . . . , [individual-capacity claims and official-capacity claims] are different causes of action."). Williams appears to simply be suing the City of Minneapolis, so his claims here must be official-capacity claims.

This matters because, "under § 1983, local governments are responsible only for 'their *own* illegal acts'"; they "are not vicariously liable . . . for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting and citing *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in *Connick*)); *see also, e.g.*, *Perkins v. Hastings*, 915 F.3d 512, 521 (8th Cir. 2019) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). For a government itself to deprive someone of his or her constitutional rights, "action pursuant to official municipal policy" must have caused the plaintiff's injury. *Connick*, 563

---

[7] Because Williams seeks the dismissal of state-court actions against him, the Court notes the question of *Younger* abstention. Under *Younger* abstention, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). While *Younger* abstention typically involves consideration of various factors, here that analysis is unnecessary. The analysis would be necessary, of course, if this Court might otherwise recommend enjoining a state prosecution. But here, for the reasons discussed below, the Court recommends dismissing this action in its entirety, leaving no need to consider additional reasons not to enjoin Williams's ongoing prosecutions.

U.S. at 60 (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *id.* at 61 ("Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (citing cases)); *see also, e.g.*, *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (making same points (citing cases)).

There are various ways to allege the relevant sort of municipal policy, *see, e.g.*, *Brewington*, 902 F.3d at 800–02 (discussing standards), but delving into that is unnecessary here, because the Complaint does not refer to any sort of policy or custom at all. [*See* Compl. 3, 5–6.] The Complaint thus fails to state any official-capacity claim against the City of Minneapolis. The Court therefore recommends dismissing the Complaint without prejudice to the extent it names the City of Minneapolis as a defendant.[8]

### C. Claims Against B.P. plc

From the Court's review of the Complaint, Williams's allegations against B.P. plc appear to be the following. He claims that he was a customer at a BP gas station in the early afternoon of January 14, 2022. [*See id.* at 5.] He then claims that he was "targeted, harassed, [and] d[i]scriminated against" by, among others, the "storeowners." [*Id.*] The result, he says, was "false accusations" and "[i]llegal [p]olice [p]rocedure." [*Id.*]

In the Court's view, there is simply not enough detail here about what B.P. plc (or the relevant station's owners) did to state a claim. The Supreme Court has repeatedly

---

[8] True, at one point the Complaint mentions a specific Minneapolis police officer. [*See* Compl. 5 (referring to "Minneapolis officer Joe McBride").] But the U.S. Court of Appeals for the Eighth Circuit has made clear that where, as here, a pleading is silent about the capacity in which a plaintiff sues a § 1983 defendant, a court should assume that the plaintiff is suing the defendant in his or her official capacity. *See, e.g.*, *Baker*, 501 F.3d at 930 (quoting and citing cases). Here, this means that Williams's claim against McBride, as presently pleaded, is simply just an official-capacity claim against the City of Minneapolis.

7

indicated that to state a claim, a plaintiff cannot merely rely on boilerplate use of legal terms without any supporting facts. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Twombly*, 550 U.S. at 555, 557 (brackets in *Iqbal*)); *see also, e.g.*, *City Union Mission, Inc. v. Sharp*, 36 F.4th 810, 815 (8th Cir. 2022) (making same points (quoting *Iqbal*)).

As to B.P. plc, all the Complaint does is just what *Twombly* and *Iqbal* reject—it simply invokes concepts like "targeting" and "discrimination" without giving any factual support for the underlying claim. The Court thus recommends dismissing the Complaint without prejudice to the extent it purports to bring claims against B.P. plc.

### D. Defendant State of Minnesota

As noted above, the Court construes Williams's listing of "St. Cloud MCF" as a Defendant to refer to the State of Minnesota. But to the extent that Williams seeks to sue the State of Minnesota, Eleventh Amendment sovereign immunity strips this Court of jurisdiction over those claims.

Under the Eleventh Amendment, "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. While the Amendment uses the phrase "another State," the Supreme Court has made clear that

8

unconsenting States are also immune from their own citizens' federal suits. *See, e.g., PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)); *Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (same). The issue is jurisdictional: Eleventh Amendment sovereign immunity generally deprives federal courts of subject-matter jurisdiction over claims against an unconsenting state. *See, e.g., Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) (citing cases).

Nothing in the Complaint indicates that the State of Minnesota has consented to suits like Williams's. Indeed, Williams purports to bring this action under 42 U.S.C. § 1983, and the Supreme Court has noted that § 1983 suits fall within Eleventh Amendment sovereign immunity. *See Sossaman*, 563 U.S. at 284–85, 291–92; *see also, e.g., Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) ("[C]learly Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become [§] 1983." (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)).

The Court therefore recommends dismissing without prejudice—for lack of subject-matter jurisdiction—any claims by Williams against the State of Minnesota.[9]

---

[9] Furthermore, even if this Court had jurisdiction over any of Williams's purported § 1983 claims against the State of Minnesota, it would still recommend dismissal of any claims against the State. As discussed in Section II.E below, any such claims are frivolous because the Complaint lacks any substantive allegations about what the State (or "St. Cloud MCF") has done that might incur liability.

### E. Defendants Fox Television Stations, LLC; KSTP-TV, LLC; and The Minneapolis Star Tribune

As noted above, Williams purports to sue entities that he refers to as "Fox," "ABC," and "Star Tribune,"; and as further noted above, the Court construes Williams here as referring to (respectively) Fox Television Stations, LLC; KSTP-TV, LLC; and The Minneapolis Star Tribune. To be sure, the Court might well be wrong about the exact target of Williams's claims here. But for these Defendants, it makes no difference, because the Complaint has no substantive allegations explaining what any of these Defendants did that allegedly harmed Williams or violated his rights. [*See* Compl. 3, 5–6.] The Complaint is therefore frivolous as to these Defendants, so the Court recommends dismissing the Complaint without prejudice to the extent it seeks to press claims against them.

### F. Defendant Meta Platforms, Inc.

Finally, the Court turns to the Complaint's claims against "Facebook" (construed as claims against Meta Platforms, Inc. ("Meta")). The only relevant Complaint assertions are that Meta violated an unspecified "privacy act" and defamed Williams. [*See* Compl. 3.]

The Court is unaware of any relevant "privacy act" that might ground liability here. Without more, the Court concludes that Williams means here to press claims against Meta based on two Minnesota state-law causes of action: invasion of privacy and defamation. Because these are state-law causes of action, and the Court has dismissed all of Williams's federal-law claims, this Court must consider a jurisdictional issue.

To exercise jurisdiction over these state-law claims, this Court must have "supplemental jurisdiction" over them. Under 28 U.S.C. § 1367(a), "in any civil action of which

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." But § 1367(c)(3) also states that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

In *Wilson v. Miller*, the Eighth Circuit discussed this issue in more detail:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.

821 F.3d 963, 970–71 (8th Cir. 2016) (emphasis added; citations and internal quotation marks omitted); *see also, e.g.*, *Hayat v. Maine Heights, L.L.C.*, No. 21-CV-442 (ECT/KMM), 2021 WL 2379396, at *2 (D. Minn. June 10, 2021) (making same points (citing *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020)).

The Complaint runs headlong into this guidance from *Miller*, for the Court is recommending dismissal of Plaintiff's potential federal-law claims long before trial. And the *Miller* factors suggest no reason for this Court to retain supplemental jurisdiction over the remaining state-law claims against Meta. The Court thus recommends dismissing those claims without prejudice for lack of jurisdiction.

### G. IFP Application

The outcome of the above discussion is that the Court recommends dismissing the Complaint in its entirety. Given that recommendation, the Court further recommends denying the IFP Application as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Carl S. Williams's Complaint [ECF No. 1] be **DISMISSED** without prejudice.

2. Williams's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] be **DENIED** as moot.

3. Williams be required to pay the unpaid balance—here, $348.67—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court be required to provide notice of this requirement to the authorities at the institution where Williams is confined.

Dated: February  2 , 2023                  *s/ Tony N. Leung*
                                           Tony N. Leung
                                           United States Magistrate Judge
                                           District of Minnesota

                                           *Williams v. City of Minneapolis et al.*
                                           Case No. 22-cv-2369 (MJD/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).